REQUESTED BY: Senator Jim Jensen Nebraska State Legislature
You have requested an opinion from this office regarding LB 1029 and the possible pre-emption of the bill's provisions by federal OSH Act standards. LB 1029 is a bill which would require the Department of Health and Human Services Regulation and Licensure to appoint an advisory committee for health workers' safety, to adopt regulations concerning "the use of work practices and technologies that minimize the risk of needle-stick injury to health care workers," and to maintain a list of medical devices that comply with the requirements of the regulations. The bill would also require certain licensed institutions and facilities to adopt work practices and technologies in compliance with the regulations, to develop a written exposure control plan and to maintain a "needle-stick injury log." You note that state laws which regulate occupational safety and health may be pre-empted to the extent a federal standard has been promulgated and you ask whether the requirements of LB 1029 would be pre-empted by federal OSH Act standards. Our response to your request is set forth below.
The stated purpose of the Occupational Safety and Health Act of 1970 is to assure, so far as possible, every worker safe and healthful working conditions. 29 U.S.C. § 651 et seq. The pre-emptive effect of the OSH Act, and the regulations promulgated thereunder, has been considered in numerous cases involving a variety of state and local statutes, regulations and ordinances. In 1992, the United States Supreme Court held that the OSH Act does pre-empt state laws which regulate safety issues covered by federal safety standards. Gade v. National Solid Waste ManagementAss'n, 112 S. Ct. 2374 (1992).
The Secretary of Labor is authorized to promulgate mandatory occupational safety and health standards. 29 U.S.C. § 655. In 1991, the Secretary did, in fact, promulgate a rule on occupational exposure to bloodborne pathogens. 29 C.F.R. § 1910.1030. The rule is designed to protect health care workers from viruses, including those causing Hepatitis B and AIDS, that can be transmitted in the blood of patients.
The OSH Act specifically addresses state jurisdiction over occupational safety or health issues. 29 U.S.C. § 667 provides that (a) "[N]othing . . . shall prevent any State agency or court from asserting jurisdiction under State law over any occupational safety or health issue with respect to which no standard is in effect under section 655 of this title" (b) a "State which, at any time, desires to assume responsibility for development of enforcement therein of occupational safety and health standards relating to any occupational safety or health issue with respect to which a Federal standard has been promulgated . . . shall submit a State plan for the development of such standards and their enforcement." The Secretary must formally approve any State plan which is submitted. While a number of states regulate workplace safety under plans approved by the Secretary of Labor, to our knowledge, no Nebraska plans have been submitted or approved as provided for in 29 U.S.C. § 667.
The pre-emptive effect of the OSH Act, and the regulations promulgated thereunder, has been considered in numerous cases involving a variety of state and local statutes, regulations, or ordinances. In the 1992 Gade opinion, the United States Supreme Court addressed federal pre-emption of state law pursuant to the OSH Act and it is this opinion which addresses your question most fully. In Gade, a trade association brought a declaratory judgment action to enjoin a state agency from enforcing the Illinois Licensing Acts concerning the training of workers who handle hazardous wastes. The Court found that federal standards had been promulgated with regard to the health and safety protection of employees engaged in hazardous waste operations and the that the Illinois Licensing Acts were pre-empted by the OSH Act to the extent they established occupational safety and health standards for training those who work with hazardous waste. The Court found that the Act "as a whole evidences Congress' intent to avoid subjecting workers and employers to duplicitive regulation; a State may develop a occupational safety and health program tailored to its own needs, but only if it is willing completely to displace the applicable federal regulations." Gade at 2384. Further, state laws regulating the same issue as federal laws are not permitted "even if they merely supplement the federal standard." Gade at 2384. As the Court further explained, even non-conflicting state laws are pre-empted if a federal standard is in place because "[T]o allow a State selectively to `supplement' certain federal regulations with ostensibly non-conflicting standards would be inconsistent with this federal scheme of establishing uniform federal standards, on the one hand, and encouraging States to assume full responsibility for development and enforcement of their own OSH programs, on the other." Gade at 2385. "The OHS Act does not foreclose a State from enacting its own laws to advance the goal of workers safety, but it does restrict the ways in which it can do so. If a State wishes to regulate an issue of workers safety for which a federal standard is in effect, its only option is to obtain the prior approval of the Secretary of Labor, as described in section 18 of the Act."Gade at 2386.
The OSH Act defines an "occupational safety and health standard" as a "standard which requires conditions, or the adoption or use of one or more practices, means, methods, operations, or processes, reasonably necessary or appropriate to provide safe or healthful employment and places of employment."29 U.S.C. § 652 (8). The federal rule on exposure to bloodborne pathogens includes engineering controls, work practice controls, requirements for personal protective equipment, requirements for housekeeping, reporting requirements, and provisions for medical care. The work practice controls include standards of care in handling contaminated sharp instruments, such as needles, and the requirements for housekeeping include the disposal of contaminated waste. To the extent LB 1029 requires the Department of Health and Human Services Regulation and Licensure to adopt rules and regulations requiring the use of work practices and technologies to minimize the risk of needle-stick injury to health care workers, including regulations as to training, use of technology, use of work practices and recording of information concerning exposure to needle-stick injuries, the regulations to be promulgated appear to cover the same subject matter as the federal standard which is in effect. Therefore, the regulations to be promulgated by the state agency would likely be pre-empted by federal standards on the same subject matter and, therefore, unenforceable.
 Sincerely, DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
Approved by:
__________________________________ Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature